## Griffith *versus* Phillips et al.

No assurances or conveyances are necessary to be executed for carrying into full effect the decree of the Supreme Court in equity confirming allotments in partition.

At NISI PRIUS, *coram* STRONG, J.

Partition in equity between Emeline Griffith, complainant, and John S. Phillips and others, defendants.

The facts and question for determination fully appear in the report of the Master in Chancery, to whom the matter was referred for determination, filed February 21st, 1861.

*William Henry Rawle*, for complainant.

*P. McCall* and *W. P. Lewis*, for defendants.

Opinion by

ELI K. PRICE, Esquire, Master.—Under the decree of the twelfth of January, A. D. 1861, the master and commissioners having first divided the premises for partition into ten equal parts and valued the same, the master proceeded to award and

[Griffith *v.* Phillips et al.]

allot the purparts to and among the several parties entitled according to their respective interests, and no exception has been filed to the return made to court of such partition and allotment so made.

It is by the said decree made the duty of the master further to report what assurances and conveyances are, in his opinion, necessary to be executed for carrying into full effect such order or decree, as will be conformable to the opinion of the court in said decree expressed and declared, if the report of said master and commissioners shall be approved and confirmed.

In the absence of decision to guide him in this new practice under our recent acts of assembly, the master can but suggest to the court for their sanction what appears to be the import of these acts, and the convenient practice in cases like the present.

The act of 17th March, 1845, Purd. 306, pl. 9, confers upon the Supreme Court for the Eastern District of Pennsylvania, and the Court of Common Pleas of Philadelphia County, all the power and jurisdiction of a court of equity in all cases of dower and partition, within the city and county of Philadelphia.

In the act of 18th April, 1853, Purd. 699, sec. 2, is contained an authority for the courts to decree a sale, whenever in proceedings in partition in equity it shall appear that real estate cannot be divided without prejudice to the interests of the owners.

The act of 14th March, 1857, prescribes the manner of proceeding by the aid of a master and commissioners which has been pursued in this case, Purd. 1239. The second section enacts that when their report shall be approved the court shall confirm the same and direct conveyances to be made whenever such conveyances are requisite for the purpose of vesting a complete *legal title* to the purparts in the parties to whom the same shall be allotted.

If this course of legislation had stopped here, we would probably be left to conclude that our partitions in equity would have to conform to the established practice of equity, except as sales might be ordered under the act of 1853.

Lord Redesdale states the difference between a partition at law and in equity thus: "The first operates by the *judgment* of a court of law, and delivering up possession in pursuance of it; which *concludes* all parties to it. Partition in equity proceeds upon *conveyances* to be executed *by the parties*, and if the parties be not competent to execute the conveyances the partition cannot be had; 2 Sch. & Lef. 371–2; and where minors are parties the conveyances are respited until they respectively become of lawful age.

Now, such a practice here would hold no analogy to any of our laws in relation to partitions, which are so far reaching

[Griffith *v.* Phillips et al.]

and thorough as to "conclude all persons whomsoever, in the same manner as though the parties were under no disability of age or otherwise." Act of 1807, Purd. 629, pl. 6 : Whereby the titles of all such may be converted into money : Act 1799, Ib. 630, pl. 16 ; and as in the common law courts, so in the Orphans' Court in partitions, Ib. 204 ; and although there be limitations over after life estates, and to persons not yet in existence, Ib. 632 ; and estates tail by sales, in all partitions are barred, Ib. 1311.

Into this system, so necessary to keep pace with American progress and convenience, partitions in equity seem to be brought by the 3d section of the act of 1857, Purd. 1240. " Whenever a decree confirming a partition as aforesaid shall be made, such decree shall have the same effect as a *judgment of a court of law in the like cases*, that the partition remain firm and stable in vesting the title to the purparts in the parties respectively to whom such parts shall have been or shall be allotted."

It is thus, as by the *judgment* of the common law courts, that the decree of the court of equity is to bind the parties, and the partition to stand firm and stable forever. It is not to obtain its efficacy from any deeds to be made between the parties, releasing or conveying to each other; and what is said about conveyances in the preceding section "to vest a complete legal title," must be satisfied by its application to those cases, where parties to the partition have but the equitable title, and are entitled to have the *legal title* conveyed to them.

The four brothers, who are trustees in fee simple for their sisters and the descendents of the latter, according to the limitations of their father's will, are proper parties to represent, in this action, all the interests of the *cestuis qui trust*, through whom they will be bound by the judgment rendered.

If the above be the correct view of our legislation upon partitions in equity, then the allotments now made equally between the parties will become their several estates by the *judgment* of the court, leaving all the estates and powers as they have been devised by the will, except their severance into parts.

I report, therefore, that no assurances or conveyances are necessary to be executed for carrying into full effect the decree of the court.

If, however, the court shall be of opinion that any conveyances are necessary or proper, I report the forms of conveyance hereto annexed as proper and unobjectionable.

All of which is respectfully submitted as the final report of the master.

ELI K. PRICE.

February 21, 1861.

[Loudenschlager et al. *v.* Benton et al.]

Complainant excepted to the confirmation of the master's report, because the master has reported. that no assurances or conveyances are necessary to be executed for carrying into full effect the decree of the court.

The exception was argued, and the court, STRONG, J., made the following decision.

February 23, 1861, the cause was heard upon the complainant's exception to the report of the master, that no assurances or conveyances were necessary to carry the final decree in this cause into full effect, which exception was argued by counsel, whereupon the court, upon consideration, overruled the said exception, being of opinion that the partition had been in all respects well and sufficiently made, and that no such assurances or conveyances are necessary in this behalf, and the court thereupon approved and confirmed the report of the said master.